## PHILEMON T. GASS *vs.* CHARLES BEAN & another.

The provision of the Rev. Sts. *c.* 91, § 8, that *scire facias* shall not be maintained against bail in a civil action, unless served upon him within a year after final judgment against his principal, extends to a case in which the bail was absent from the Commonwealth during all that year, notwithstanding Rev. Sts. *c.* 120, § 9.

Error lies to reverse a judgment in *scire facias*, which is shown by the record to have been commenced after the time limited by the Rev. Sts. *c.* 91, § 8.

WRIT OF ERROR by bail in a civil action to reverse a judgment on *scire facias* against him. The error assigned was, that the *scire facias* was not served upon the bail within one year after the final judgment against his principal. Plea, that the bail was out of the Commonwealth, to wit, in California, when that judgment was rendered against his principal, and afterwards, and that the *scire facias* was served upon him within a year after his return. To this plea the plaintiff in error demurred.

*B. Bordman*, for the plaintiff in error.

*P. S. Chase*, for the defendants in error. This case is taken out of the general limitation of one year, prescribed by the Rev. Sts. *c.* 91, § 8, for *scire facias* against bail, by the second clause of the Rev. Sts. *c.* 120, § 9, which provides that "if, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." If the intent had been to limit this clause to actions mentioned in *c.* 120, it would have been so expressed, as in the first clause of the same section, which declares that " if, at the time when any cause of action, *mentioned in this chapter*, shall accrue against any person, he shall be out of the State, the action may be commenced, within the time herein limited therefor, after such person shall come into the State."

But even if the second clause of Rev. Sts. *c.* 120, § 9, does not apply to *scire facias* against bail, the court will, by a reasonable construction, deduct the time of the absence of the party

from the State. *Scire facias* was intended to be a beneficial remedy against bail. Rev. Sts. *c.* 91, § 5. And it is the only form of action against him. *Gale* v. *Boyle,* 6 Cush. 138, and cases cited. From its very nature, it can only be served upon the bail in person, or at his last and usual place of abode, and not by arrest, or attachment of property. If absence from the State will not stop the running of the statute of limitations, the bail can always avoid, where the amount is sufficient to make it desirable. In analogous cases, the court have refused to allow statutes of limitation to begin to run, so long as the debtor was beyond the reach of process. *Dwight* v. *Clark,* 7 Mass. 517. *White* v. *Bailey,* 3 Mass. 273.

DEWEY, J. The limitation of *scire facias* against bail in civil actions is wholly governed by Rev. Sts. *c.* 91, § 8, which provide that no such writ shall be maintained, unless served on the bail within one year after the rendition of final judgment against the principal. The second clause of Rev. Sts. *c.* 120, § 9, is to be taken in connection with the preceding clause of the same section, and, thus construed, is expressly limited to the forms of action mentioned in that chapter, of which *scire facias* against bail is not one. The object of the second clause was not to embrace a new class of causes of action, but to make more full provisions, in the cases before enumerated, as to the effect of a residence out of the Commonwealth. The first clause had provided for cases of persons out of the Commonwealth when the cause of action accrued ; the second includes the case of an absence commencing afterwards. The note of the commissioners who revised the statutes is very full and explicit to this point; and states the object of the clause to be to remove all doubts as to the effect of the absence of the debtor, and to require him to remain within the State during the whole period prescribed for the limitation, in order to avail himself of its provisions. Commissioners' note to Rev. Sts. *c.* 120, § 8.

If, therefore, this defence had been taken in the original action, it must have availed, notwithstanding the absence of the defendant from the Commonwealth, as alleged in the plea to this writ of error. This ground of defence, being apparent on the record,

and of such a character as could not be affected by any proo to be offered, the judgment may properly be reversed upon ι writ of error. Steph. Pl. (1st Amer. ed.) 141.

*Judgment reversed.*